## Ferguson & Lange Foundry Company v. Gustav Schillo.

### Gen. No. 12,708.

1. NEGLIGENCE—*when master guilty of, in loading car.* A servant who is ordered by his foreman to assist in moving a car which has been loaded, may recover if he is injured through the negligent loading of such car.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed October 23, 1906.

**Statement by the Court.** Gustav Schillo, appellee, brought this action in case against appellant to recover damages for personal injuries sustained by him while in the employ of appellant as a laborer. The accident resulting in the injury occurred in appellant's plant in Chicago on October 25, 1903.

Appellant, a corporation, was engaged in the manufacture and sale of counterweights for bridges, among other things. It used certain cars upon which to transfer the products of its manufacture from place to place in its shops and to the yards connected therewith. These cars were about five feet wide and seven or eight feet long. They were mounted on four wheels, and were moved from place to place on iron tracks or rails upon which the wheels of the cars ran. The bed of these cars consisted of four iron rails running crosswise with four similar iron rails extending lengthwise thereof to equalize the weight. Upon these iron rails running lengthwise the weights were placed in loading the cars.

One of these cars had been loaded with weights in the course of appellant's business, and was standing on the tracks in the north end of the shop. The weights were placed in rows across the car. The car was unevenly loaded, the front end being loaded heavier than

the back end.  Sometime between six and seven o'clock
in the evening the foreman ordered appellee to go to
the assistance of another man and "pinch" or move
the car.  This was done by means of an iron bar so
formed that one side thereof was straight and the
other was rounded at the end and came to a point.
The rounded portion rested on the rail and served as
a fulcrum.  The men would insert the end of the bar
between the car wheel and the rail with the rounded
portion resting on the rail, and by bearing down on the
iron bar cause the wheels of the car to move forward.
Chills and castings were piled within three feet of the
rear of the car.  The use of the iron bars in "pinch-
ing" required about five feet of space.  Accordingly
appellee, upon receiving the order, and the man he
was helping, applied their "pinching" bars to the
front wheels of the car instead of the rear wheels.
While thus endeavoring to move the car, one of the
weights lying on the car fell upon the plaintiff, in-
flicting serious injuries.

The trial resulted in a verdict and judgment for
$2,500 against appellant.

HORTON & BROWN, for appellant.

WALTER A. BRENDECKE and PAUL C. SCHUSSMAN, for
appellee.

MR. JUSTICE SMITH delivered the opinion of the
court.

Appellee (plaintiff) avers in his declaration that
appellant loaded and placed the weights on the car in
so improper, careless and dangerous a manner that if
the car was moved the weights would fall off the car
and upon persons moving the car, and that appellant
carelessly and negligently ordered the plaintiff to
move and propel the car while it was so loaded.

Counsel for appellant at the close of their brief say:

"We respectfully submit that we are not asking this court to weigh the evidence in the case, and say that it does not preponderate in favor of the plaintiff, but are asking the court to say that there is no such evidence in the record as would justify the jury in bringing in a verdict in favor of the plaintiff without acting unreasonably."

On examination of the record it appears that it contains evidence tending to show that the car in question was owned, controlled and being operated by appellant in its shop; that the weight which fell upon and injured appellee was placed on the car by appellant, under the direction of its foreman in charge of the work of loading the car and moving it; that the weight was so placed on the car that it extended over the side of the car and rested upon its shortest side; that the car when loaded was to be moved by "pinching" it; that immediately, when the car started forward, the weight fell off; that the plaintiff (appellee) was ordered by the foreman to go over and help "pinch" the car, and was in the act of obeying the order when he was injured.

This evidence, we think, justified the inference by the jury that if the weight had been properly loaded it would not have fallen from the car, and therefore, considering all the circumstances, the weight was improperly and negligently placed on the car by appellant.

No explanation which would excuse appellant appears in the evidence; at least no such explanation has been pointed out to us. Without doubt it was the duty of appellant and its servants to use reasonable care in loading the car so as to prevent the happening of such an accident. The evidence tends to show that it was necessary to "pinch" the front wheels of the car instead of the rear wheels, for the reason that there were chills and castings so close to the rear end of the car that the rear wheels could not be "pinched," and it

cannot be said, therefore, that appellee unnecessarily placed himself in a place of danger, or that he was guilty of any negligence which directly or proximately contributed to the accident.

We are compelled to hold, therefore, that the evidence justified the jury in giving a verdict for appellee without acting unreasonably. The judgment is affirmed.

*Affirmed.*